Filed in Sarpy District Court
*** EFILED ***
Case Number: D59CI230000223
Transaction ID: 0019465979
Filing Date: 02/01/2023 03:27:21 PM CST



**EXHIBIT A**

## IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

| | |
|---|---|
| MAUREEN BARRETT | CASE NO. CI 23 - _____ |
| Plaintiff, | |
| v. | **COMPLAINT & DEMAND FOR TRIAL BY JURY** |
| WALMART, INC., | |
| Defendant. | |

COMES NOW the Plaintiff, Maureen Barrett, and for her cause of action against the Defendant alleges and states as follows:

1.  Plaintiff Maureen Barrett is a resident of Omaha, Douglas County, Nebraska.

2.  Defendant Walmart, Inc., ("Walmart") is a Delaware corporation, with its principal place of business located in Bentonville, Arkansas, that at all times relevant operated and controlled a retail store located at 8525 S. 71st Plaza, Papillion, Sarpy County, Nebraska ("the Papillion Walmart") and any employees thereof.

3.  Venue is appropriate in Sarpy County, Nebraska, pursuant to Neb. Rev. Stat. § 25-403.01, as the cause of action described hereafter arises there.

4.  The Court has jurisdiction over Walmart, pursuant to Neb. Rev. Stat. § 25-536, as it transacts business in this state.

5.  Walmart and its employees owe the patrons of the Pappillion Walmart a duty of ordinary care.

6.  That on or about December 10, 2022, Maureen Barrett went to the Papillion Walmart to shop.

7.  While shopping at the store, Maureen Barrett was struck by an unidentified Walmart employee, who was pushing a large cart out of a nearby aisle in the course of their employment, or was so nearly struck by said unidentified Walmart employee, that she was forced to undertake emergency evasive action.

8.     That such actions by the unidentified Walmart employee, in failing to sufficiently keep a lookout or keep the cart under control, leading to the collision or near collision were a breach of Walmart's duty of ordinary care to Barrett and other patrons of the Papillion Walmart.

9.     That as a direct, and proximate result of the Walmart's employee either making direct contact or nearly making contact with Maureen Barrett, she sustained person injuries resulting in physical pain, mental suffering, physical disfigurement, permanent injury to her body, emotional distress, inconvenience, anxiety, worry, stress, embarrassment, and humiliation; her injuries are permanent, and she may reasonably expect to experience physical and emotional pain and suffering into the future.

10.     That as a further direct and proximate result of Walmart's employee either making direct contact with Maureen Barrett, or nearly making contact with her, she incurred medical expenses in the care and treatment of her injuries. Her injuries are permanent, and she may reasonably expect to incur future medical expenses in the care and treatment of her injuries.

11.     The Plaintiff hereby makes a demand for a jury trial in this matter.

WHEREFORE, the Plaintiff prays for judgment for their special and general damages and her costs herein expended.

DATED on this 1st day of February, 2023.

MAUREEN BARRETT, PLAINTIFF,

By: _____
Steven M. Lathrop, #16602
HAUPTMAN, O'BRIEN, WOLF & LATHROP, P.C.
1005 South 107th Avenue, Suite 200
Omaha, NE 68114
T: (402) 390-9000
F: (402) 397-7915
slathrop@omahapersonalinjury.com
ATTORNEY FOR PLAINTIFF

AND

Kyle J. McGinn, #25696
HAUPTMAN, O'BRIEN, WOLF & LATHROP, P.C.
1005 South 107th Avenue, Suite 200
Omaha, NE 68114
T: (402) 390-9000
F: (402) 397-7915
kmcginn@omahapersonalinjury.com
ATTORNEY FOR PLAINTIFF

IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

MAUREEN BARRETT,

CASE NO. CI 23 - _____

Plaintiff,

vs.

**PRAECIPE**

WALMART, INC.,

Defendant.

TO:    CLERK OF THE COURT

Please issue a summons for service to be made upon the below-named Defendant as follows:

Walmart, Inc.

c/o C T Corporation System 5601 South 59th Street Suite C Lincoln, NE 68516

Please return the Summons to attorneys for Plaintiff, as Plaintiff elects for process of service by certified mail and return receipt requested.

**MODE OF SERVICE**:    Certified Mail [ **X** ]    Sheriff [    ]

DATED on this 1st day of February, 2023.

MAUREEN BARRETT, PLAINTIFF,

By: _____

Steven M. Lathrop, #16602
HAUPTMAN, O'BRIEN, WOLF & LATHROP, P.C.
1005 South 107th Avenue, Suite 200
Omaha, NE 68114
T: (402) 390-9000
F: (402) 397-7915
slathrop@omahapersonalinjury.com
ATTORNEY FOR PLAINTIFF

AND

Kyle J. McGinn, #25696
HAUPTMAN, O'BRIEN, WOLF & LATHROP, P.C.
1005 South 107th Avenue, Suite 200
Omaha, NE 68114
T: (402) 390-9000
F: (402) 397-7915
kmcginn@omahapersonalinjury.com
ATTORNEY FOR PLAINTIFF

## SUMMONS

Doc. No.    252216

IN THE DISTRICT COURT OF Sarpy COUNTY, NEBRASKA
Sarpy County Courthouse
1210 Golden Gate Dr, Ste 3141
Papillion          NE 68046 3087

Maureen Barrett v. Walmart, Inc.

Case ID: CI 23      223

TO:  Walmart, Inc.

**FILED BY**
Clerk of the Sarpy District Court
02/02/2023

You have been sued by the following plaintiff(s):

Maureen Barrett

Plaintiff's Attorney:     Steven M Lathrop
Address:                  1005 South 107th Avenue Ste 200
                          Omaha, NE 68114

Telephone:                (402) 390-9000

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself.

Date: FEBRUARY  2, 2023     BY THE COURT:   _Don Heath_
                                            Clerk

**SUMMONS**

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

    Walmart, Inc.
    CT Corporation System, reg agent
    5601 S. 59th Street Suite C
    Lincoln, NE 68516

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

SARPY COUNTY DISTRICT COURT
Sarpy County Courthouse
1210 Golden Gate Dr, Ste 3141
Papillion          NE 68046 3087

To:
Case ID: CI 23     223 Maureen Barrett v. Walmart, Inc.

Received this Summons on _____,_____.  I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                           _____

Mileage ____miles        _____

   TOTAL               $ _____

Date: _____      BY: _____
                                                    (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

_____

Postage $ _____     Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

To: Walmart, Inc.                    From: Steven M Lathrop
    CT Corporation System, reg agent        1005 South 107th Avenue Ste 200
    5601 S. 59th Street Suite C             Omaha, NE 68114
    Lincoln, NE 68516

# ATTACH RETURN RECEIPT & RETURN TO COURT

Filed in Sarpy District Court
*** EFILED ***
Case Number: D59CI230000223
Doc. No. 9
Transaction ID: 0019496179
Filing Date: 02/08/2023 12:06:43 PM CST

## SERVICE RETURN

SARPY COUNTY DISTRICT COURT
Sarpy County Courthouse
1210 Golden Gate Dr, Ste 3141
Papillion                    NE 68046 3087

To:
Case ID: CI 23      223 Maureen Barrett v. Walmart, Inc.

that on

Summons

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Walmart, Inc.
CT Corporation System
5601 S. 59th St. Suite C
Lincoln NE 68516

9590 9402 2706 6351 1469 60

2. Article Number *(Transfer from service label)*

7022 0410 0001 8493 6984

PS Form **3811**, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X John Holbrook    ☐ Agent
                   ☐ Addressee
B. Received by (Printed Name)     C. Date of Delivery
Josh Holbr

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Date: _____      BY: _____
                               (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: Defendant Walmart, Inc.

At the following address: c/o registered agent CT Corporation
System, 5601 S. 59th St. Suite C, Lincoln, NE 68516

on the 2nd day of February 2023, as required by Nebraska state law.
#16602

Postage $ 8.34    Attorney for: Plaintiff Maureen Barrett

The return receipt for mailing to the party was signed on February 6, 2023

To: Walmart, Inc.
CT Corporation System, reg agent
5601 S. 59th Street Suite C
Lincoln, NE 68516

From: Steven M Lathrop
1005 South 107th Avenue Ste 200
Omaha, NE 68114

# ATTACH RETURN RECEIPT & RETURN TO COURT

# Certificate of Service

I hereby certify that on Wednesday, February 08, 2023 I provided a true and correct copy of the Return-Summons/Alias Summons to the following:

Signature: /s/ Steven Lathrop (Bar Number: 16602)

## IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

MAUREEN BARRETT,

        Plaintiff,

v.

WALMART, INC.,

        Defendant.

Case No. CI 23-223

**JOINT MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

      Plaintiff Maureen Barrett and Defendant Walmart, Inc. jointly move the Court for an extension of time for Defendant to answer or otherwise respond to the Plaintiff's Complaint until on or before April 7, 2023.

      In support of this Motion, the Parties state Plaintiff served with Summons and a copy of the Complaint on February 6, 2023, that Defendant's initial answer date is March 8, 2023. Therefore, this Motion is within the time originally allotted for Defendant's response. Furthermore, counsel for the Parties have discussed Plaintiff's intention to amend the Complaint, and the Parties agree that extending the time for Defendant to respond to the Complaint is in the best interests of the Parties, as it should allow sufficient time for Plaintiff to amend her Complaint.

      Dated this 7th day of March, 2023.

1

MAUREEN BARRETT, Plaintiff,

By:    /s/ *Kyle J. McGinn*
          Kyle J. McGinn (NE# 25696)
          HAUPTMAN, O'BRIEN, WOLF &
          LATHROP, P.C.
          1005 South 107th Avenue, Suite 200
          Omaha, NE  68114
          Phone: 402-390-9000
          Facsimile:  402-397-7915
          Email:
          kmcginn@omahaperosnalinjury.com
          Attorney for Plaintiff

WALMART INC., Defendant,

By:    /s/ *Mark J. Goldsmith*
          Mark J. Goldsmith (NE# 26429)
          BAIRD HOLM LLP
          1700 Farnam St, Ste 1500
          Omaha, NE  68102-2068
          Phone: 402-344-0500
          Facsimile:  402-344-0588
          Email:  mgoldsmith@bairdholm.com
          Attorney for Defendant

DOCS/2938364.1

# Certificate of Service

I hereby certify that on Wednesday, March 08, 2023 I provided a true and correct copy of the Motion-Additional Time to the following:

Barrett,Maureen, represented by Steven Lathrop (Bar Number: 16602) service method: Electronic Service to mwatson@hauptman-obrien.net

Signature: /s/ MARK JOSEPH GOLDSMITH (Bar Number: 26429)

Filed in Sarpy District Court
*** EFILED ***
Case Number: D59CI230000223
Transaction ID: 0019619666
Filing Date: 03/14/2023 03:05:52 PM CDT

## IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

MAUREEN BARRETT,

          Plaintiff,

v.

WALMART, INC.,

          Defendant.

Case No. CI 23-223

**ORDER GRANTING JOINT MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

       Joint Motion for Extension of Time to Respond to Plaintiff's Complaint is **granted**.

       **IT IS SO ORDERED** that Defendant, Walmart, Inc. has until on or before April 7, 2023 to file its Answer to Plaintiff's Complaint or otherwise plead.

       **DATED** this 14th day of March, 2023.

_____
District Court Judge

Prepared and submitted by:
Mark J. Goldsmith (NE#26429)
Baird Holm LLP
1700 Farnam Street, Ste. 1500
Omaha, NE 68102
402.344.0500
Attorney for Defendant

DOCS/2939566.1

1

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on March 14, 2023     , I served a copy of the foregoing
document upon the following persons at the addresses given, by mailing by United States Mail,
postage prepaid, or via E-mail:

Mark J Goldsmith                          Steven M Lathrop
mgoldsmith@bairdholm.com                  slathrop@hauptman-obrien.net


Date:  March 14, 2023      BY THE COURT: _____
                                                      CLERK

# IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

|  |  |  |
|---|---|---|
| MAUREEN BARRETT, | ) | |
| | ) | |
| | ) | **Case No. CI 23-223** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT WALMART** |
| | ) | **INC.'S MOTION TO DISMISS** |
| WALMART, INC., , | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Walmart, Inc. (hereinafter "Walmart"), by and through its undersigned counsel, hereby submits this Motion to Dismiss pursuant to NEB. CT. R. PLDG. § 6-1112(b)(6) and § 6-1108(a) because the Plaintiff Maureen Barrett (hereinafter "Plaintiff") has failed to state a claim upon which relief can be granted against Walmart. In support of this Motion, Walmart submits the following:

1. The Complaint alleges that on or about December 10, 2022, Ms. Barrett visited the Walmart store located in Papillion, Sarpy County, Nebraska ("the Store"). (Complaint at ¶ 6).

2. Ms. Barrett claims that, while in the store, she was "struck" or "nearly struck" by a Walmart associate. (*Id.* ¶ 7) Ms. Barrett contends that the "collision or near collision" was the result of Walmart's alleged negligence (*Id.* at ¶ 8) and that, as a result, she sustained alleged personal injuries (*Id.* at ¶ 9).

3. Ms. Barrett alleges in her Complaint that she "incurred medical expenses in the care and treatment of her injuries," resulting from the collision or near collision. (*Id.* at ¶ 10; see also *Id*. at ¶ 11 re: prayer for "special and general damages")

4. Nebraska Pleading Rule § 6-1108(a) provides that "[i]f the recovery of

money be demanded" in a complaint, "the amount of special damages shall be stated[.]"

5. In violation of this requirement, the Complaint does not list the special damages the Plaintiff is seeking.

6. Under Nebraska law, medical expenses are a category of special damages.

7. The Plaintiff should be required to file an Amended Complaint that complies with § 6-1108(a).

WHEREFORE, Defendant Walmart Inc. prays for an order dismissing the Complaint, and/or requiring Ms. Barrett to file an Amended Complaint that fully complies with NEB. CT. R. PLDG. § 6-1108(a).

Dated this 7th day of April, 2023.

WALMART INC., Defendant,

By: /s/ Mark J. Goldsmith
      Mark J. Goldsmith (NE #26429)
      George E. Martin III (NE #21747)
      Of BAIRD HOLM LLP
      1500 Woodmen Tower
      1700 Farnam Street
      Omaha, NE 68102-2068
      Phone: 402-344-0500
      mgoldsmith@bairdholm.com
      gemartin@bairdholm.com

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the above Motion will be called for hearing before the Honorable Michael A. Smith, District Judge, Sarpy County, Nebraska on the 9th day of May, 2023 at 11:00 a.m. or as soon thereafter as counsel may be heard.

**CERTIFICATE OF SERVICE**

   I hereby certify that on April 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record:

Steven M. Lathrop
Kyle J. McGinn
Hauptman, O'Brien, Wolf & Lathrop, PC
1004 South 107th Avenue, Suite 200
Omaha, NE 68114
slathrop@omahapersonalinjury.com
kmcginn@omahapersonalinjury.com

             /s/Mark J. Goldsmith_____

# Certificate of Service

I hereby certify that on Friday, April 07, 2023 I provided a true and correct copy of the Motion-Dismissal to the following:

Barrett,Maureen, represented by Steven Lathrop (Bar Number: 16602) service method: Electronic Service to mwatson@hauptman-obrien.net

Signature: /s/ MARK JOSEPH GOLDSMITH (Bar Number: 26429)

## IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

|  |  |  |
|---|---|---|
| MAUREEN BARRETT, | ) | |
| | ) | **Case No. CI 23-223** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT WALMART** |
| | ) | **INC.'S BRIEF IN SUPPORT** |
| WALMART, INC., , | ) | **OF MOTION TO DISMISS** |
| | ) | |
| Defendant. | ) | |

The Defendant, Walmart, Inc. (hereinafter "Walmart"), submits this brief in support of its Motion to Dismiss (the "Motion"). The Court should grant the Motion because Plaintiff Maureen Barrett's ("Barrett") complaint does not comply with Nebraska Pleading Rule § 6-1108(a); it fails to specify the dollar amount of her alleged special damages.

## I.      Pertinent Pleaded Allegations

Ms. Barrett alleges that on December 10, 2022, she visited the Walmart store located in Papillion, Nebraska. (Complaint at ¶ 6) Ms. Barrett claims that, while in the store, she was "struck" or "nearly struck" by a Walmart associate. (*Id.* ¶ 7) Ms. Barrett contends that the "collision or near collision" was the result of Walmart's alleged negligence (*Id.* at ¶ 8) and that, as a result, she sustained alleged personal injuries (*Id.* at ¶ 9).

Ms. Barrett alleges in her Complaint that she "incurred medical expenses in the care and treatment of her injuries," resulting from the collision or near collision. (*Id.* at ¶ 10; see also *Id.* at ¶ 11 re: prayer for "special and general damages") The Complaint, however fails to specify the amount of medical damages she is seeking. (*Id.*, *gen'ly*)

## II.      Legal Standard

1

At the motion to dismiss stage, the court "accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion." *Peterson v. Kings Gate Partners-Omaha I, L.P.*, 290 Neb. 658, 660 (2015). "To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 660-61.

A complaint may also be dismissed where it fails to comply with the Nebraska Pleading Rules. *See Stunkel v. Cty. of Dawson*, 2020 WL 7213501, *8 (Neb. App. 2020) (unpublished) (affirming order "dismissing the operative complaint under the pleading rules").

## III.     Argument

The Court should grant the Motion, because Ms. Barrett was required to plead the amount of her special damages in her Complaint, and she failed to do so.

Nebraska Pleading Rule § 6-1108(a) provides that "[i]f the recovery of money be demanded" in a complaint, "the amount of special damages shall be stated[.]"  In turn, "special damages" are "those suffered by a claimant because they are out-of-pocket damages." *Hatcher v. McShane*, 12 Neb. App. 239, 245-46 (2003).  Stated differently, "[s]pecial damages are those capable of accurate determination by some means other than the opinion of the judge or jury." *Id.* at 246.

Under Nebraska law, medical expenses are a form of special damages.  In *Stephens v. Pillen*, 12 Neb. App. 600 (2004), for example, the court held that "medical expenses" are a form of "special damages" that "would require specific proof to be awarded." *Id.* at 608.  Other cases confirm the same point. *E.g.*, *Schneider v. Chavez-Munoz*, 9 Neb. App. 579, 592 (2000) (assessing jury award of "special damages for medical expenses"); *Schaefer v. McCreary*, 216 Neb. 739, 742 (1984) (holding that the plaintiff's "medical expenses to date of trial" were part of the "special damages" he received).

Thus, Rule § 6-1108(a) requires Ms. Barrett to specify, in her Complaint, the dollar amount of her alleged medical expenses. Because the Complaint fails to do so, the Court should grant the Motion and dismiss the Complaint and/or require Ms. Barrett to file an amended complaint that specifies the amount of her medical expenses.

Dated this 7th day of April, 2023.

WALMART INC., Defendant,

By: /s/ Mark J. Goldsmith
Mark J. Goldsmith (NE #26429)
George E. Martin III (NE# 21747)
Of BAIRD HOLM LLP
1500 Woodmen Tower
1700 Farnam Street
Omaha, NE 68102-2068
Phone: 402-344-0500
gemartin@bairdholm.com
mroccaforte@bairdholm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record:

Steven M. Lathrop
Kyle J. McGinn
Hauptman, O'Brien, Wolf & Lathrop, PC
1004 South 107th Avenue, Suite 200
Omaha, NE 68114
slathrop@omahapersonalinjury.com
kmcginn@omahapersonalinjury.com

/s/Mark J. Goldsmith

# Certificate of Service

I hereby certify that on Friday, April 07, 2023 I provided a true and correct copy of the Brief to the following:

Barrett,Maureen, represented by Steven Lathrop (Bar Number: 16602) service method: Electronic Service to mwatson@hauptman-obrien.net

Signature: /s/ MARK JOSEPH GOLDSMITH (Bar Number: 26429)

Filed in Sarpy District Court
*** EFILED ***
Case Number: D59CI230000223
Transaction ID: 0019788636
Filing Date: 04/14/2023 11:58:27 AM CDT

IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

MAUREEN BARRETT,                    )      CASE NO.: CI 23-223
                                    )
               Plaintiff,           )
                                    )
v.                                  )      **PLAINTIFF'S NOTICE OF SERVING**
                                    )      **DISCOVERY UPON**
                                    )      **DEFENDANT**
WALMART, INC.,                      )
                                    )
               Defendant.           )

    Plaintiff hereby gives notice of serving discovery upon counsel for Defendant Walmart, Inc. to include a Request for Production of Documents by email and U.S. mail postage prepaid on the 14th day of April, 2023.

    DATED this 14th day of April, 2023.

MAUREEN BARRETT, Plaintiff,

By: _____
    Kyle McGinn, #25696
    HAUPTMAN, O'BRIEN, WOLF & LATHROP, P.C.
    1005 S. 107th Avenue, Suite 200
    Omaha, NE 68114
    (402) 390-9000
    (402) 397-7915 (fax)
    kmcginn@omahapersonalinjury.com
    ATTORNEY FOR PLAINTIFF

# Certificate of Service

I hereby certify that on Friday, April 14, 2023 I provided a true and correct copy of the Notice-Serving Documents to the following:

Barrett,Maureen, represented by Steven Lathrop (Bar Number: 16602) service method: Electronic Service to mwatson@hauptman-obrien.net

Walmart, Inc. represented by MARK JOSEPH GOLDSMITH (Bar Number: 26429) service method: Electronic Service to mgoldsmith@bairdholm.com

Signature: /s/ Kyle McGinn (Bar Number: 25696)

IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

MAUREEN BARRETT,                                    CASE NO. CI 23 - 223

        Plaintiff,

vs.                                                 **MOTION FOR LEAVE TO FILE**
                                                    **AMENDED COMPLAINT**
WALMART, INC.,

        Defendant.

       COMES NOW the Plaintiff, Maureen Barrett, by and through her attorney of record, Kyle J. McGinn, and pursuant to Neb. Ct. R. Pldg. §6-115 hereby requests the Court's permission to amend her Complaint filed herein, as set forth in the proposed Amended Complaint attached hereto and marked as Exhibit "A". In support, Plaintiff states as follows:

1.     Plaintiff commenced this action on February 1, 2023, which concerns a December 3, 2022 incident at a Walmart retail location in Pappillion, Sarpy County, Nebraska. Plaintiff's treatment for her alleged injuries sustained as a result of this incident is ongoing.

2.     In response, Defendant has filed a Motion to Dismiss Plaintiff's Complaint, citing exclusively Plaintiff's failure to observe Neb. Ct. R. Pldg. §6-1109(h), which requires her to enumerate her special damages, if claimed.

3.     Plaintiff, through her Counsel, has promptly sought a copy of her current accident-related medical bills, in a good faith effort to comply with Neb. Ct. R. Pldg. §6-1109(h). To date, she has obtained copies of bills totaling $14,095.00.

4.     Plaintiff is thus seeking leave of Court to file the attached Amended Complaint, solely to include this figure. Of course, "leave shall be freely given when justice so requires." Neb. Ct. R. Pldg. §6-1115(a).

       WHEREFORE, Plaintiff respectfully requests this Court enter an Order Granting Plaintiff's Motion for Leave to File an Amended Complaint, and for such other and further relief as the Court deems just and equitable.

DATED this 8th day of May, 2023.

                                        MAUREEN BARRETT, Plaintiff

By: _____
     Kyle J. McGinn, #25696
     HAUPTMAN, O'BRIEN, WOLF & LATHROP, P.C.
     1005 S 107th Ave Ste 200
     Omaha, NE 68114
     Voice: (402) 390-9000
     Fax: (402) 397-7915
     Email: kmcginn@hauptman-obrien.net
     ATTORNEY FOR PLAINTIFF


## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the above and foregoing document was emailed to the below-listed attorney of record on this 8th day of May, 2023.

Mark J. Goldsmith
Baird Holm LLP
1700 Farnam Street
Suite 1500
Omaha, NE 68102-2068
mgoldsmith@bairdholm.com

_____

IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

| | |
|---|---|
| MAUREEN BARRETT | CASE NO. CI 23-223 |
| Plaintiff, | |
| v. | **AMENDED COMPLAINT & DEMAND FOR TRIAL BY JURY** |
| WALMART, INC., | |
| Defendant. | |

COMES NOW the Plaintiff, Maureen Barrett, and for her Amended Complaint against the Defendant Walmart, Inc., alleges and states as follows:

1.      Plaintiff Maureen Barrett is a resident of Omaha, Douglas County, Nebraska.

2.      Defendant Walmart, Inc., ("Walmart") is a Delaware corporation, with its principal place of business located in Bentonville, Arkansas, that at all times relevant operated and controlled a retail store located at 8525 S. 71st Plaza, Papillion, Sarpy County, Nebraska ("the Papillion Walmart") and any employees thereof.

3.      Venue is appropriate in Sarpy County, Nebraska, pursuant to Neb. Rev. Stat. § 25-403.01, as the cause of action described hereafter arises there.

4.      The Court has jurisdiction over Walmart, pursuant to Neb. Rev. Stat. § 25-536, as it transacts business in this state.

5.      Walmart and its employees owe the patrons of the Papillion Walmart a duty of ordinary care.

6.      That on or about December 10, 2022, Maureen Barrett went to the Papillion Walmart to shop.

7.      While shopping at the store, Maureen Barrett was struck by an unidentified Walmart employee, who was pushing a large cart out of a nearby aisle in the course of their employment or was so nearly struck by said unidentified Walmart employee, that she was forced to undertake emergency evasive action.



8.    That such actions by the unidentified Walmart employee, in failing to sufficiently keep a lookout or keep the cart under control, leading to the collision or near collision were a breach of Walmart's duty of ordinary care to Barrett and other patrons of the Papillion Walmart.

9.    That as a direct, and proximate result of the Walmart's employee either making direct contact or nearly making contact with Maureen Barrett, she sustained person injuries resulting in physical pain, mental suffering, physical disfigurement, permanent injury to her body, emotional distress, inconvenience, anxiety, worry, stress, embarrassment, and humiliation; her injuries are permanent, and she may reasonably expect to experience physical and emotional pain and suffering into the future.

10.   That as a further direct and proximate result of Walmart's employee either making direct contact with Maureen Barrett, or nearly making contact with her, she incurred medical expenses in the care and treatment of her injuries. **Barrett's medical expenses to date total $14,095.00.** Her injuries are permanent, and she may reasonably expect to incur future medical expenses in the care and treatment of her injuries.

11.   The Plaintiff hereby makes a demand for a jury trial in this matter.

WHEREFORE, the Plaintiff prays for judgment for their special and general damages and her costs herein expended.

DATED on this _____ day of May, 2023.

MAUREEN BARRETT, Plaintiff,

By: _____
Steven M. Lathrop, #16602
Kyle J. McGinn, #25696
HAUPTMAN, O'BRIEN, WOLF & LATHROP, P.C.
1005 South 107th Avenue, Suite 200
Omaha, NE 68114
T: (402) 390-9000
F: (402) 397-7915
slathrop@omahapersonalinjury.com
kmcginn@omahapersonalinjury.com
ATTORNEYS FOR PLAINTIFF

# Certificate of Service

I hereby certify that on Monday, May 08, 2023 I provided a true and correct copy of the Motion-Leave to File Additional Pleadings to the following:

Barrett,Maureen, represented by Steven Lathrop (Bar Number: 16602) service method: Electronic Service to mwatson@hauptman-obrien.net

Walmart, Inc. represented by MARK JOSEPH GOLDSMITH (Bar Number: 26429) service method: Electronic Service to mgoldsmith@bairdholm.com

Signature: /s/ Kyle McGinn (Bar Number: 25696)

Filed in Sarpy District Court
*** EFILED ***
Case Number: D59CI230000223
Transaction ID: 0019890304
Filing Date: 05/08/2023 01:57:07 PM CDT

IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

| | | |
|---|---|---|
| MAUREEN BARRETT, | ) | CASE NO.: CI 23-223 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **NOTICE OF HEARING ON** |
| | ) | **PLAINTIFF'S MOTION FOR LEAVE** |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW Plaintiff Maureen Barrett, by and through her attorney of record, and hereby provides notice of hearing regarding her Motion for Leave to File an Amended Complaint which was filed on May 8, 2023.

This hearing shall be conducted on **May 9, 2023 at 11:00 a.m.**, or as soon thereafter as counsel may be heard, before the Honorable Michael Smith.

DATED on this 8th day of May, 2023.

MAUREEN BARRETT, Plaintiff,

By: _____
Kyle McGinn, #25696
HAUPTMAN, O'BRIEN, WOLF & LATHROP, P.C.
1005 S. 107th Avenue, Suite 200
Omaha, NE 68114
(402) 390-9000
(402) 397-7915 (fax)
kmcginn@omahapersonalinjury.com
ATTORNEY FOR PLAINTIFF

# Certificate of Service

I hereby certify that on Monday, May 08, 2023 I provided a true and correct copy of the Notice-Hearing to the following:

Walmart, Inc. represented by MARK JOSEPH GOLDSMITH (Bar Number: 26429) service method: Electronic Service to mgoldsmith@bairdholm.com

Barrett,Maureen, represented by Steven Lathrop (Bar Number: 16602) service method: Electronic Service to mwatson@hauptman-obrien.net

Signature: /s/ Kyle McGinn (Bar Number: 25696)

# IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

MAUREEN BARRETT,

       Plaintiff,

v.

WALMART, INC.,

       Defendant.

Case No. CI 23-223

**JOINT MOTION FOR STIPULATED PROTECTIVE ORDER**

       Plaintiff Maureen Barrett and Defendant Walmart, Inc. (the "Parties") jointly move this Court for entry of a Stipulated Protective Order (attached hereto as Exhibit A). In support of this Motion, the Parties state that they will need to exchange confidential documents in support of their respective positions that are confidential, proprietary, or trade secrets and/or may contain medical or employee information. The Parties wish to stipulate to a protective order to protect any such confidential information.

       WHEREFORE, the Parties request that the Court enter the Stipulated Protective Order, attached hereto as Exhibit A.

Dated this 9th day of May 2023.

MAUREEN BARRETT, Plaintiff,
By:  /s/ Kyle J. McGinn_____
      Kyle J. McGinn (NE# 25696)
      Hauptman, O'Brien, Wolf &
      Lathrop, P.C.
      1005 S 107th Ave, Ste 200
      Omaha, NE 68114
      Phone: 402-390-9000
      Facsimile:: 402-397-7915
Email:
kmcginn@omahapersonalinjury.com


Attorney for Plaintiff

WALMART, INC., Defendant,
By:  /s/Mark J. Goldsmith_____
      Mark J. Goldsmith (NE# 26429)
      George E. Martin, III (NE# 21747)
      BAIRD HOLM LLP
      1700 Farnam St, Ste 1500
      Omaha, NE  68102-2068
      Phone: 402-344-0500
      Facsimile:  402-344-0588
Email:  mgoldsmith@bairdholm.co
      gmartin@bairdholm.com

Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing document electronically with the Sarpy County District Court via the Nebraska.gov e-filing System this 9th day of May 2023, which sent electronic notification of such filing to:

Kyle J. McGinn – kmcginn@omahapersonalinjury.com

    /s/ Mark J. Goldsmith_____

DOCS/2969758.2

2

# Certificate of Service

I hereby certify that on Tuesday, May 09, 2023 I provided a true and correct copy of the Motion to the following:

Barrett,Maureen, represented by Kyle McGinn (Bar Number: 25696) service method: Electronic Service to kmcginn@hauptman-obrien.net

Barrett,Maureen, represented by Steven Lathrop (Bar Number: 16602) service method: Electronic Service to mwatson@hauptman-obrien.net

Signature: /s/ MARK JOSEPH GOLDSMITH (Bar Number: 26429)

**IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA**

**Maureen Barrett v. Walmart, Inc.**

Printed on 5/09/2023 at 3:44

Room 59D07

Case ID: CI 23    223

Page    1

Decision Date 5/09/2023

===========================================================================

**A P P E A R A N C E S**

| | | |
|---|---|---|
| Judge | Michael A Smith | Appeared |
| Defendant | Walmart, Inc. | Did NOT Appear |
| Counsel | Mark J Goldsmith | Appeared |
| Plaintiff | Maureen Barrett | Did NOT Appear |
| Counsel | Kyle J McGinn | Appeared |

**A D D I T I O N A L   E N T R I E S   O F   R E C O R D**

Hearing held. Order to enter.

IT IS SO ORDERED.

Hon. ___Michael A. Smith___    5/09/2023    jb

Michael A Smith    Date    Bailiff

Tape Nos. Amy Luttman

---

**CERTIFICATE OF SERVICE**

I the undersigned, certify that on **May 9, 2023**    I served a copy of the
foregoing upon the following persons at the addresses given, by mailing by United
States Mail, postage prepaid, or E-mail:

Mark J Goldsmith
mgoldsmith@bairdholm.com

Kyle J McGinn
kmcginn@hauptman-obrien.net

Steven M Lathrop
slathrop@hauptman-obrien.net

Date: May 9, 2023    Signature: ___Don Heath___

COURT COPY

**FILED BY**
Clerk of the Sarpy District Court
05/09/2023

| | ORDER | Filed in Sarpy District Court<br>*** EFILED ***<br>Case Number: D59CI230000223<br>Transaction ID: 0019898897<br>Filing Date: 05/09/2023 03:22:25 PM CDT |
|---|---|---|

IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

MAUREEN BARRETT V. WALMART, INC.                    Case ID: CI23-223

This matter came before the Court on the 9th day of May, 2023 on the Defendant's motion to dismiss and on the Plaintiff's motion to for leave to file an amended complaint. Kyle McGinn appeared for the Plaintiff. Mark Goldsmith appeared for the Defendant. Hearing was held, argument heard and the Court finds that the Plaintiff's motion should be granted and the Defendant's motion should be overruled.

IT IS THEREFORE ORDERED that the Plaintiff's motion for leave to file an amended complaint is granted, and the Plaintiff shall have 7 days from the date of this order to file her amended complaint. The Defendant shall have 10 days thereafter to file a pleading in response.

IT IS FURTHER ORDERED that the Defendant's motion to dismiss is denied.

_Michael A. Smith_
_____
Michael A Smith

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on May 9, 2023 , I served a copy of the foregoing document upon the following persons at the addresses given, by mailing by United States Mail, postage prepaid, or via E-mail:

Mark J Goldsmith                          Steven M Lathrop
mgoldsmith@bairdholm.com                  slathrop@hauptman-obrien.net


Kyle J McGinn
kmcginn@hauptman-obrien.net


Date: May 9, 2023      BY THE COURT: _____

                                                    CLERK

IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

| | |
|---|---|
| MAUREEN BARRETT | CASE NO. CI 23-223 |
| Plaintiff, | |
| | **AMENDED COMPLAINT & DEMAND FOR TRIAL BY JURY** |
| v. | |
| WALMART, INC., | |
| Defendant. | |

COMES NOW the Plaintiff, Maureen Barrett, and for her Amended Complaint against the Defendant Walmart, Inc., alleges and states as follows:

1.     Plaintiff Maureen Barrett is a resident of Omaha, Douglas County, Nebraska.

2.     Defendant Walmart, Inc., ("Walmart") is a Delaware corporation, with its principal place of business located in Bentonville, Arkansas, that at all times relevant operated and controlled a retail store located at 8525 S. 71st Plaza, Papillion, Sarpy County, Nebraska ("the Papillion Walmart") and any employees thereof.

3.     Venue is appropriate in Sarpy County, Nebraska, pursuant to Neb. Rev. Stat. § 25-403.01, as the cause of action described hereafter arises there.

4.     The Court has jurisdiction over Walmart, pursuant to Neb. Rev. Stat. § 25-536, as it transacts business in this state.

5.     Walmart and its employees owe the patrons of the Papillion Walmart a duty of ordinary care.

6.     That on or about December 10, 2022, Maureen Barrett went to the Papillion Walmart to shop.

7.     While shopping at the store, Maureen Barrett was struck by an unidentified Walmart employee, who was pushing a large cart out of a nearby aisle in the course of their employment or was so nearly struck by said unidentified Walmart employee, that she was forced to undertake emergency evasive action.

8.     That such actions by the unidentified Walmart employee, in failing to sufficiently keep a lookout or keep the cart under control, leading to the collision or near collision were a breach of Walmart's duty of ordinary care to Barrett and other patrons of the Papillion Walmart.

9.     That as a direct, and proximate result of the Walmart's employee either making direct contact or nearly making contact with Maureen Barrett, she sustained person injuries resulting in physical pain, mental suffering, physical disfigurement, permanent injury to her body, emotional distress, inconvenience, anxiety, worry, stress, embarrassment, and humiliation; her injuries are permanent, and she may reasonably expect to experience physical and emotional pain and suffering into the future.

10.    That as a further direct and proximate result of Walmart's employee either making direct contact with Maureen Barrett, or nearly making contact with her, she incurred medical expenses in the care and treatment of her injuries. **Barrett's medical expenses to date total $14,095.00**. Her injuries are permanent, and she may reasonably expect to incur future medical expenses in the care and treatment of her injuries.

11.    The Plaintiff hereby makes a demand for a jury trial in this matter.

WHEREFORE, the Plaintiff prays for judgment for their special and general damages and her costs herein expended.

DATED on this 9th day of May, 2023.

MAUREEN BARRETT, Plaintiff,

By: _____

Steven M. Lathrop, #16602
Kyle J. McGinn, #25696
HAUPTMAN, O'BRIEN, WOLF & LATHROP, P.C.
1005 South 107th Avenue, Suite 200
Omaha, NE 68114
T:  (402) 390-9000
F:  (402) 397-7915
slathrop@omahapersonalinjury.com
kmcginn@omahapersonalinjury.com
ATTORNEYS FOR PLAINTIFF

# Certificate of Service

I hereby certify that on Wednesday, May 10, 2023 I provided a true and correct copy of the Amended Complaint to the following:

Walmart, Inc. represented by MARK JOSEPH GOLDSMITH (Bar Number: 26429) service method: Electronic Service to mgoldsmith@bairdholm.com

Barrett,Maureen, represented by Steven Lathrop (Bar Number: 16602) service method: Electronic Service to mwatson@hauptman-obrien.net

Signature: /s/ Kyle McGinn (Bar Number: 25696)

# IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

MAUREEN BARRETT,

              Plaintiff,

v.

WALMART, INC.,

              Defendant.

Case No. CI 23-223

**STIPULATED PROTECTIVE ORDER**

        The parties, having reached an agreement for a Protective Order, and THE COURT, having been advised in the premises; IT IS ORDERED:

        A.    <u>DEFINITIONS</u>.  Limitations under this Protective Order on the use or disclosure of documents, deposition testimony or other discovery designated as "Confidential" shall apply to (a) all information, copies, extracts and complete or partial summaries prepared or derived from such documents or testimony; (b) portions of deposition transcripts, answers to interrogatories, responses to requests for admissions, responses to requests for production, initial disclosures and exhibits thereto which directly refer or directly relate to any such information, documents, copies, extracts or summaries; and (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which directly relate to any such information, documents, copies, extracts or summaries.  Such Confidential Information shall include the following:

        i.    Any and all documents referring or related to confidential and proprietary human resources, customer, or business information; financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures and/or training materials of Defendant; security of Defendant; and/or Defendant's organizational structure;

ii. Any documents from the personnel, medical, FMLA, or workers' compensation file of any current or former employee or contractor;

iii. Any documents relating to the Plaintiff's medical and/or health benefits information or that of any of Defendant's other customers or employees;

iv. Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

B. <u>CONFIDENTIAL DOCUMENTS</u>. Before produced documents are copied or inspected, the producing party may stamp as "Confidential" any document or deposition testimony it believes contains confidential or proprietary business information and/or trade secrets in order to limit disclosure as set forth in this Paragraph B. Documents may also be designated as "Confidential" by written notice to opposing counsel which identifies the documents so designated by Bates number. Documents designated "Confidential," deposition testimony so designated, and information derived therefrom will be retained by counsel and will not be used for any purpose other than this litigation and will not be disclosed except pursuant to court order entered after notice, to anyone except:

i. Counsel who have signed this Order approving it as to form and content, attorneys who are employed or are members of the law firms of counsel who have signed this Order, retained outside counsel, in-house counsel, law clerks, secretaries, or paralegals directly involved in this litigation;

ii. Experts and consultants retained by either of the parties for purposes of assisting in the preparation or presentation of claims or defenses;

iii. Any deposition or trial witness, during the course of deposition or trial testimony, when necessary to the testimony of such witness, or during preparation for deposition or trial testimony;

iv. Any person who was involved in the preparation of the

document;

v.      Court, Court personnel, court reporters, and similar personnel;

vi.      The named parties to this case, excluding their agents and/or representatives except those identified at Paragraph B(i) above; provided such parties review the confidential materials with their attorney or at their attorney's office.  "Parties" shall mean those officers, directors, and corporate counsel charged with decision-making authority on this lawsuit and designated in advance of the disclosure.

vii.      Any other person with the prior written consent of the party producing the document, pleading or deposition testimony.

Prior to receiving or being shown such documents or deposition testimony, persons falling in the categories listed above in subparagraphs (ii), (iv), and (vii) shall be shown a copy of, and shall agree in writing, or on the record during trial or deposition, to be bound by the terms of this Protective Order.  During a deposition, any party asserting confidentiality of any of its documents shall ask the deponent on the record to accept the terms of this Order.  If the deponent refuses to assent, disclosure of the documents during deposition shall not constitute a waiver of confidentiality.  Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

Documents marked confidential shall be maintained at the offices of counsel and each party shall not be permitted to keep or possess copies of any documents marked confidential, which were produced to them by the other party.  Provided that, however, each party may be shown confidential documents in the presence of their counsel or documents may be provided to expert witnesses provided the expert witness is not a party and does not provide the documents to a party.

C.      DOCUMENTS ALREADY PRODUCED.  Within ten days of the entry of this Order, a party may inform the party to whom

documents have been produced that it considers certain documents already produced as being subject to this Order as "Confidential".

       D.    <u>THIRD PARTY WITNESSES</u>.  A copy of this Protective Order shall be served with a subpoena or Notice of Deposition on each third-party deponent.  A third-party witness may designate a document as "Confidential" pursuant to this Order by stamping it with such notice prior to production or so identifying it on the record during the deposition of that third party.  Either party may also designate documents produced by a third party as being "Confidential" pursuant to the terms of this Order within ten (10) days of being made aware of the content of such documents.  Any document produced by a third party shall be treated as "Confidential" pursuant to the terms of this Order for such ten (10) day period and thereafter if designated as "Confidential" by either party or by the third party which produces it. The "Confidential" restrictions of this Order shall no longer apply to any document produced by a third party which has not been designated as "Confidential" by the third party or by a party within such ten (10) day period.

       E.    <u>CHALLENGE TO DESIGNATION</u>.  Any party may challenge the "Confidential" designation of any document, by moving the Court for an Order to challenge the confidentiality designation. The parties shall attempt to resolve such disagreement before submitting it to the Court.  If the challenging party files such a motion within such time, the documents shall continue to be treated as "Confidential" pursuant to the terms of this Order until such time as the Court has made a ruling with respect to the motion.  The burden to prove the document is not privileged is on the moving party.

       F.    <u>RETURN OF DOCUMENTS</u>.  Upon completion of the litigation all documents and copies of the same designated "Confidential" shall be destroyed or returned to counsel for the producing party with signed statement reflecting the disposition.  This Order shall not terminate upon the conclusion of this action but shall continue until the further order of the Court or until the party claiming confidentiality has waived the same in writing.

G. <u>USE OF DOCUMENTS</u>.  Documents produced by any party, including, but not limited to, "Confidential" documents and information from any documents acquired in discovery in this litigation shall not be used for any purpose except in connection with this litigation.  Nothing in this Order shall limit any party or person in its use of its own documents or from disclosing its own documents and information.  This Order or production of any documents shall not affect the admissibility of any such document or be deemed a waiver of any objection to the admissibility of such documents.

H. <u>EXCEPTIONS</u>.  The restrictions embodied in this Order shall be binding on the party to whom "Confidential" information is disclosed unless and until there is a showing that:

i. Such information was or has become public knowledge absent a breach of this Protective Order; or

ii. The party to whom such disclosure was made had already learned such information from a third party who himself has not breached any confidential relationship which may have existed or exists between such third party and the party making the disclosure.

I. <u>NON-EXCLUSIVITY</u>.  This Order does not affect the right of a party to seek to compel disclosure or production of a document or to seek an order modifying or limiting this Order in any aspect.  The obligations and prohibitions under this Order are not exclusive.  No disclosure under this order shall constitute a waiver of any objection to admissibility of the document or applicable privilege.  All other ethical, legal and equitable obligations are unaffected by this agreement.

J. <u>WAIVER</u>.  Any waiver under this Order must be made in writing or, if at a deposition or in Court, on the record.

K. <u>ENFORCEMENT</u>.  Any party or person subject to the obligations and prohibitions of this Order who is determined by the Court to have violated its terms is subject to sanctions imposed by the Court pursuant to the Supreme Court's Discovery Rules or other applicable law.

SO ORDERED this 10th day of ___May_____ 2023.

BY THE COURT:

_Michael A. Smith_
District Court Judge

Prepared, Submitted, and Agreed Upon By:

MAUREEN BARRETT, Plaintiff,
By: __/s/ Kyle J. McGinn_____
   Kyle J. McGinn (NE# 25696)
   Hauptman, O'Brien, Wolf &
   Lathrop, P.C.
   1005 S 107th Ave, Ste 200
   Omaha, NE 68114
   Phone: 402-390-9000
   Facsimile: 402-397-791
Email:
kmcginn@omahapersonalinjury.com
   Attorney for Plaintiff

WALMART, INC., Defendant,
By: __/s/Mark J. Goldsmith_____
   Mark J. Goldsmith (NE#
   26429)
   George E. Martin, III (NE#
   21747)
   BAIRD HOLM LLP
   1700 Farnam St, Ste 1500
   Omaha, NE  68102-2068
   Phone: 402-344-0500
   Facsimile:  402-344-0588
   Email:
   mgoldsmith@bairdholm.com
   gmartin@bairdholm.com
   Attorney for Defendant

DOCS/2969759.1

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on May 10, 2023     , I served a copy of the foregoing document upon the following persons at the addresses given, by mailing by United States Mail, postage prepaid, or via E-mail:

Mark J Goldsmith                          Steven M Lathrop
mgoldsmith@bairdholm.com                  slathrop@hauptman-obrien.net


Kyle J McGinn
kmcginn@hauptman-obrien.net


Date:  May 10, 2023        BY THE COURT:  _____
                                                    CLERK

IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

MAUREEN BARRETT,

Plaintiff,

vs.

WALMART, INC.,

Defendant.

CASE NO. CI 23-223

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

COMES NOW the Plaintiff, Maureen Barrett, by and through her attorney of record, Kyle J. McGinn, and for her Motion for Leave to File Second Amended Complaint pursuant to Neb. Ct. R. Pldg. §6-115, hereby requests the Court's permission to amend her Second Amended Complaint filed herein, as set forth in the proposed Second Amended Complaint attached hereto and marked as Exhibit "A". In support, Plaintiff states as follows:

1. Plaintiff commenced this action on February 1, 2023, which concerns a December 3, 2022 incident at a Walmart retail location in Papillion, Sarpy County, Nebraska. Plaintiff's treatment for her alleged injuries sustained because of this incident is ongoing.

2. Plaintiff previously amended her Complaint once, pursuant to Court order of May 9, 2023, for the limited purpose of updating the amount of her special damages.

3. Plaintiff, through her Counsel, has continued her efforts to obtain updated accident-related medical bills, in a good faith effort to comply with Neb. Ct. R. Pldg. §6-1109(h). To date, she has now obtained copies of bills totaling **$66,447.45**.

4. Plaintiff is thus seeking leave of Court to file the attached Second Amended Complaint, solely to again update this figure. Of course, "leave shall be freely given when justice so requires." Neb. Ct. R. Pldg. §6-1115(a).

5. Defendant, through its Counsel, has reviewed this Motion and the proposed Second Amended Complaint, and has no objection.

WHEREFORE the Plaintiff Maureen Barret respectfully requests this Court enter an Order granting Plaintiff's Motion for Leave to File Second Amended Complaint, and for such other and further relief as the Court deems just and equitable.

1

DATED this 23rd day of May, 2023.

MAUREEN BARRETT, Plaintiff

By: _____
Kyle J. McGinn, #25696
HAUPTMAN, O'BRIEN, WOLF & LATHROP, P.C.
1005 S 107th Ave Ste 200
Omaha, NE 68114
Voice: (402) 390-9000
Fax: (402) 397-7915
Email: kmcginn@hauptman-obrien.net
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the above and foregoing document was emailed to the below-listed attorney of record on this 23rd day of May, 2023.

Mark J. Goldsmith
Baird Holm LLP
1700 Farnam Street
Suite 1500
Omaha, NE 68102-2068
mgoldsmith@bairdholm.com

_____

IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

| | |
|---|---|
| MAUREEN BARRETT<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC.,<br><br>Defendant. | CASE NO. CI 23-223<br><br>**SECOND AMENDED COMPLAINT & DEMAND FOR TRIAL BY JURY** |

COMES NOW the Plaintiff, Maureen Barrett, and for her Second Amended Complaint against the Defendant Walmart, Inc., alleges and states as follows:

1.      Plaintiff Maureen Barrett is a resident of Omaha, Douglas County, Nebraska.

2.      Defendant Walmart, Inc., ("Walmart") is a Delaware corporation, with its principal place of business located in Bentonville, Arkansas, that at all times relevant operated and controlled a retail store located at 8525 S. 71st Plaza, Papillion, Sarpy County, Nebraska ("the Papillion Walmart") and any employees thereof.

3.      Venue is appropriate in Sarpy County, Nebraska, pursuant to Neb. Rev. Stat. § 25-403.01, as the cause of action described hereafter arises there.

4.      The Court has jurisdiction over Walmart, pursuant to Neb. Rev. Stat. § 25-536, as it transacts business in this state.

5.      Walmart and its employees owe the patrons of the Papillion Walmart a duty of ordinary care.

6.      That on or about December 10, 2022, Maureen Barrett went to the Papillion Walmart to shop.

7.      While shopping at the store, Maureen Barrett was struck by an unidentified Walmart employee, who was pushing a large cart out of a nearby aisle in the course of their employment or was so nearly struck by said unidentified Walmart employee, that she was forced to undertake emergency evasive action.



PLAINTIFF'S
EXHIBIT
A

8.     That such actions by the unidentified Walmart employee, in failing to sufficiently keep a lookout or keep the cart under control, leading to the collision or near collision were a breach of Walmart's duty of ordinary care to Barrett and other patrons of the Papillion Walmart.

9.     That as a direct, and proximate result of the Walmart's employee either making direct contact or nearly making contact with Maureen Barrett, she sustained person injuries resulting in physical pain, mental suffering, physical disfigurement, permanent injury to her body, emotional distress, inconvenience, anxiety, worry, stress, embarrassment, and humiliation; her injuries are permanent, and she may reasonably expect to experience physical and emotional pain and suffering into the future.

10.     That as a further direct and proximate result of Walmart's employee either making direct contact with Maureen Barrett, or nearly making contact with her, she incurred medical expenses in the care and treatment of her injuries. **Barrett's medical expenses to date total $66,447.45**. Her injuries are permanent, and she may reasonably expect to incur future medical expenses in the care and treatment of her injuries.

11.     The Plaintiff hereby makes a demand for a jury trial in this matter.

WHEREFORE, the Plaintiff prays for judgment for their special and general damages and her costs herein expended.

DATED on this _____ day of May, 2023.

MAUREEN BARRETT, Plaintiff,

By: _____
        Steven M. Lathrop, #16602
        Kyle J. McGinn, #25696
        HAUPTMAN, O'BRIEN, WOLF & LATHROP, P.C.
        1005 South 107th Avenue, Suite 200
        Omaha, NE 68114
        T:  (402) 390-9000
        F:  (402) 397-7915
        slathrop@omahapersonalinjury.com
        kmcginn@omahapersonalinjury.com
        ATTORNEYS FOR PLAINTIFF

# Certificate of Service

I hereby certify that on Tuesday, May 23, 2023 I provided a true and correct copy of the Motion-Leave to File Additional Pleadings to the following:

Walmart, Inc. represented by MARK JOSEPH GOLDSMITH (Bar Number: 26429) service method: Electronic Service to mgoldsmith@bairdholm.com

Barrett,Maureen, represented by Steven Lathrop (Bar Number: 16602) service method: Electronic Service to mwatson@hauptman-obrien.net

Signature: /s/ Kyle McGinn (Bar Number: 25696)

# IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

|  |  |  |
|---|---|---|
| MAUREEN BARRETT, | ) | |
| | ) | |
| | ) | **Case No. CI 23-223** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ANSWER AND** |
| | ) | **AFFIRMATIVE DEFENSES** |
| WALMART, INC., , | ) | **TO THE PLAINTIFF'S FIRST** |
| | ) | **AMENDED COMPLAINT** |
| Defendant. | ) | |

Defendant Walmart, Inc. ("Walmart"), by and through its undersigned counsel, for its Answer and Affirmative Defenses to the Plaintiff's First Amended Complaint & Demand for Trial by Jury (the "FAC") in the above-captioned matter, alleges as follows:

1.      Walmart is without sufficient information to admit the allegations contained in Paragraph 1 of the FAC and therefore denies them.

2.      Walmart admits that it is a Delaware corporation with its principal place of business located in Bentonville, Arkansas, and that owned and operated the store located at 8525 S 71st Plaza, Papillion, Sarpy County, Nebraska, but denies the remaining allegations contained in Paragraph 2 of the FAC.

3.      Paragraph 3 of the FAC calls for a legal conclusion to which no response is required, and therefore Walmart denies the allegations contained therein.

4.      Paragraph 4 of the FAC calls for a legal conclusion to which no response is required, and therefore Walmart denies the allegations contained therein.

5. Paragraph 5 of the FAC calls for a legal conclusion to which no response is required, and therefore Walmart denies the allegations contained therein.

6. Walmart is without sufficient information to admit the allegations contained in Paragraph 6 of the FAC and therefore denies them.

7. Walmart denies the allegations contained in Paragraph 7 of the FAC.

8. Walmart denies the allegations contained in Paragraph 8 of the FAC.

9. Walmart denies the allegations contained in Paragraph 9 of the FAC.

10. Walmart denies the allegations contained in Paragraph 10 of the FAC. Walmart specifically denies that it is responsible for any alleged damages to the Plaintiff.

11. Paragraph 11 of the FAC calls for a legal conclusion to which no response is required, and therefore Walmart denies the allegations contained therein.

12. Walmart specifically denies that it is responsible for any alleged damages to the Plaintiff and further denies the remaining allegations contained in the "Wherefore" clause following Paragraph 11 of the FAC.

WHEREFORE, Walmart requests that the Court dismiss the Plaintiff's First Amended Complaint with prejudice and award Walmart its reasonable attorney's fees and costs incurred in defending this matter and other relief the Court considers appropriate.

## **AFFIRMATIVE DEFENSES**

1.      The damages allegedly sustained by the Plaintiff, if any, were proximately caused and contributed to by the Plaintiff's own negligence and want of ordinary care, which is equal to, or greater than, the total negligence of all persons or entities against whom recovery is sought and of a sufficient degree to totally bar any recovery.

2.      The injuries or damages allegedly sustained by the Plaintiff were proximately caused by an intervening and/or superseding cause or causes, which Walmart neither supervised nor controlled, and had no right or ability to supervise or control.

3.      The Plaintiff has failed to take certain reasonable and practical steps to mitigate any damages she may have sustained as a result of the alleged events referred to in the FAC.

4.      In the event Walmart is found liable, the Plaintiff's damages, if any, should be reduced in proportion to her comparative fault.

5.      The Plaintiff's claims are barred by the doctrine of assumption of risk.

6.      The FAC fails to state a claim for which relief can be granted.

7.      Walmart reserves the right to raise any additional affirmative defenses which become known or of which Walmart becomes aware during the course of discovery or investigation.

Dated this 25th day of May 2023.

WALMART INC., Defendant,

By: /s/ Mark J. Goldsmith
      Mark J. Goldsmith (NE #26429)
      George E. Martin III (NE #21747)
      Of BAIRD HOLM LLP
      1500 Woodmen Tower
      1700 Farnam Street
      Omaha, NE  68102-2068
      Phone: 402-344-0500
      mgoldsmith@bairdholm.com
      gemartin@bairdholm.com

# Certificate of Service

I hereby certify that on Friday, May 26, 2023 I provided a true and correct copy of the Answer to the following:

Barrett,Maureen, represented by Steven Lathrop (Bar Number: 16602) service method: Electronic Service to mwatson@hauptman-obrien.net

Barrett,Maureen, represented by Kyle McGinn (Bar Number: 25696) service method: Electronic Service to kmcginn@hauptman-obrien.net

Signature: /s/ MARK JOSEPH GOLDSMITH (Bar Number: 26429)

## IN THE DISTRICT COURT OF SARPY COUNTY, NEBRASKA

| | |
|---|---|
| MAUREEN BARRETT | CASE NO. CI 23-223 |
| Plaintiff, | |
| v. | **SECOND AMENDED COMPLAINT & DEMAND FOR TRIAL BY JURY** |
| WALMART, INC., | |
| Defendant. | |

COMES NOW the Plaintiff, Maureen Barrett, and for her Second Amended Complaint against the Defendant Walmart, Inc., alleges and states as follows:

1.     Plaintiff Maureen Barrett is a resident of Omaha, Douglas County, Nebraska.

2.     Defendant Walmart, Inc., ("Walmart") is a Delaware corporation, with its principal place of business located in Bentonville, Arkansas, that at all times relevant operated and controlled a retail store located at 8525 S. 71st Plaza, Papillion, Sarpy County, Nebraska ("the Papillion Walmart") and any employees thereof.

3.     Venue is appropriate in Sarpy County, Nebraska, pursuant to Neb. Rev. Stat. § 25-403.01, as the cause of action described hereafter arises there.

4.     The Court has jurisdiction over Walmart, pursuant to Neb. Rev. Stat. § 25-536, as it transacts business in this state.

5.     Walmart and its employees owe the patrons of the Papillion Walmart a duty of ordinary care.

6.     That on or about December 10, 2022, Maureen Barrett went to the Papillion Walmart to shop.

7.     While shopping at the store, Maureen Barrett was struck by an unidentified Walmart employee, who was pushing a large cart out of a nearby aisle in the course of their employment or was so nearly struck by said unidentified Walmart employee, that she was forced to undertake emergency evasive action.

8. That such actions by the unidentified Walmart employee, in failing to sufficiently keep a lookout or keep the cart under control, leading to the collision or near collision were a breach of Walmart's duty of ordinary care to Barrett and other patrons of the Papillion Walmart.

9. That as a direct, and proximate result of the Walmart's employee either making direct contact or nearly making contact with Maureen Barrett, she sustained person injuries resulting in physical pain, mental suffering, physical disfigurement, permanent injury to her body, emotional distress, inconvenience, anxiety, worry, stress, embarrassment, and humiliation; her injuries are permanent, and she may reasonably expect to experience physical and emotional pain and suffering into the future.

10. That as a further direct and proximate result of Walmart's employee either making direct contact with Maureen Barrett, or nearly making contact with her, she incurred medical expenses in the care and treatment of her injuries. **Barrett's medical expenses to date total $66,447.45**. Her injuries are permanent, and she may reasonably expect to incur future medical expenses in the care and treatment of her injuries.

11. The Plaintiff hereby makes a demand for a jury trial in this matter.

WHEREFORE, the Plaintiff prays for judgment for their special and general damages and her costs herein expended.

DATED on this 2nd day of June, 2023.

MAUREEN BARRETT, Plaintiff,

By: _____

Steven M. Lathrop, #16602
Kyle J. McGinn, #25696
HAUPTMAN, O'BRIEN, WOLF & LATHROP, P.C.
1005 South 107th Avenue, Suite 200
Omaha, NE 68114
T: (402) 390-9000
F: (402) 397-7915
slathrop@omahapersonalinjury.com
kmcginn@omahapersonalinjury.com
ATTORNEYS FOR PLAINTIFF

# Certificate of Service

I hereby certify that on Friday, June 02, 2023 I provided a true and correct copy of the Amended Complaint to the following:

Barrett,Maureen, represented by Steven Lathrop (Bar Number: 16602) service method: Electronic Service to mwatson@hauptman-obrien.net

Walmart, Inc. represented by MARK JOSEPH GOLDSMITH (Bar Number: 26429) service method: Electronic Service to mgoldsmith@bairdholm.com

Signature: /s/ Kyle McGinn (Bar Number: 25696)